

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00029-CR
_____

FRANKIE HAIGOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 082639-D-CR, Honorable Steven Denny, Presiding

June 18, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Frankie Haigood, appeals his conviction for deadly conduct[1] and ten-year sentence. His brief was originally due April 16, 2025, but we granted his appointed counsel two extensions of the deadline. The second extension, granted May 15, 2025, was accompanied by a letter admonishing counsel that we would grant no further extensions and the failure to file a brief by June 6 would result in the appeal being abated and the cause remanded for further proceedings. On June 6, 2025, counsel filed a third motion requesting an extension of the briefing deadline. We deny Appellant's third motion

_____

[1] See TEX. PENAL CODE ANN. § 22.05(b).

for extension, abate the appeal, and remand the cause to the trial court for further proceedings.  *See* TEX. R. APP. P. 38.8(b)(2), (3).

Upon remand, the trial court shall determine the following:

1.      whether Appellant still desires to prosecute the appeal;

2.      whether Appellant is indigent;

3.      why a timely appellate brief has not been filed on behalf of Appellant;

4.      whether Appellant's counsel has abandoned the appeal;

5.      whether Appellant has been denied the effective assistance of counsel;

6.      whether new counsel should be appointed; and

7.      if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions.  So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by July 18, 2025.  If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court must appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before July 11, 2025, counsel is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.

2